UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES JOHNSON, Jr.,

    Plaintiff,

v.

STATE OF MICHIGAN, et. al.,

    Defendants,
_____/

Case Number 5:11-CV-10118
HONORABLE JOHN CORBETT O'MEARA
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  Introduction

The plaintiff, Charles Johnson, Jr., presently confined at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  For the reasons stated below, the Court will dismiss the complaint without prejudice.

### II.  Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a);  *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

    Notwithstanding any filing fee, or any portion thereof, that may have been
    paid, the court shall dismiss the case at any time if the court determines that:
    (B) the action or appeal:
    (I) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.

1

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it ... is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F. 3d 863, 866 (6th Cir. 2000)(citing *Neitzke*, 490 U.S. at 327-28). A complaint fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 867. Sua sponte dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir.1998). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III.  Complaint

Plaintiff was convicted on his plea of guilty in the Oakland County Circuit Court of delivery or manufacture of less than 50 grams of cocaine, delivery of marijuana, possessing an open container of alcohol, and being a fourth felony habitual offender.

Plaintiff was sentenced to prison on these charges. Plaintiff contends that he was denied the effective assistance of counsel and should have been permitted to withdraw his guilty plea.

Plaintiff seeks monetary damages against the defendants. Plaintiff also requests a declaratory judgment which would vacate his criminal conviction. By plaintiff's own admission, he has filed a separate petition for writ of habeas corpus, which remains pending. *See Johnson v. Rivard,* U.S.D.C. 2:10-CV-14354.

### IV. Discussion

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Because plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against the defendants fail to state a claim for which relief may be granted and must, therefore, be dismissed. *See Adams v. Morris,* 90 Fed. Appx.

856, 858 (6th Cir. 2004); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 756 (E.D. Mich. 2001).

To the extent that plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). A plaintiff cannot seek injunctive relief relating to his criminal conviction in a § 1983 action. *Nelson v. Campbell,* 541 U.S. 637, 643 (2004). Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." *Id.* Declaratory relief is not available in federal court to attack a state criminal conviction and cannot be used as a substitute for an appeal or a petition for writ of habeas corpus. *See Ruip v. Commonwealth of Kentucky*, 400 F. 2d 871, 872 (6th Cir. 1968).

To the extent that plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983. This Court, however, declines to construe plaintiff's civil rights complaint as a habeas petition because petitioner does not allege that his claims have been exhausted with the state courts, nor does the complaint comply with Rule 2(c) of the Rules

Governing Section 2254 Cases in the United States District Courts. *See Parker v. Phillips,* 27 Fed. Appx 491, 494 (6th Cir. 2001). In addition, *Heck* clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition. *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004). Finally, to the extent that plaintiff is challenging his criminal conviction, the complaint is subject to dismissal because it is duplicative of his pending habeas petition. *See Jeffrey v. Cockrell,* No. 2002 WL 1489474, * 1 (N.D. Tex. July 9, 2002).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3), rather than to dismiss the complaint with prejudice as being frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated. *See Murphy,* 343 F. Supp. 2d at 609. Therefore, because the court is dismissing plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice. *See e.g. Finley v. Densford,* 90 Fed. Appx. 137, 138 (6th Cir. 2004).

### V.  ORDER

Accordingly, it is **ORDERED** that the complaint [Dkt. # 1] is **DISMISSED** without prejudice.

5

Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Goodell,* 157 F. Supp. 2d at 802.

                                           s/John Corbett O'Meara
                                           United States District Judge

Date: January 21, 2011

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 22, 2011, using the ECF system and/or ordinary mail.

                                           s/William Barkholz
                                           Case Manager